# EXHIBIT C

Exhibit C

10/16/2019 12:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37700956
By: JONATHAN PATTON
Filed: 10/16/2019 12:40 PM

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO.   201973252

RECEIPT NO.                   0.00        CIV
                  **********        TR # 73682342

PLAINTIFF: BARTLETT, RENEE                          In The 129th
              vs.                                    Judicial District Court
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    of Harris County, Texas
                                                     129TH DISTRICT COURT
                                                     Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
     1999 BRYAN STREET SUITE 900   DALLAS TX 75201 - 3136
     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 7th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 8th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                              MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                                  Harris County, Texas
455  EAST MEDICAL CENTER BLVD                      201 Caroline, Houston, Texas 77002
SUITE 555                                          (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                                Generated By: DELGADO, JASON MATTHEW
Bar No.: 24079587                                  C6X//11348904

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 3:05 o'clock P.M., on the 15th day of OCT OCTOBER 2019.
Executed at (address) 1999 Bryan St, Ste 900, Dallas, TX 7520 in
DALLAS County at 3:10 o'clock P.M., on the 15th day of October,
2019, by delivering to its REGISTERED AGENT CT CORP. defendant, in person, a

ALLSTATE VEH + PROP INS BY SERVING

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ 75                                          Genea Rodgers
                                                   736/6596 _____ County, Texas
_____                          By Exp 4-30-21
        Affiant                                              _____ Deputy

On this day, Genek Rodgers _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 16 day of October, 2019

                                                   Heather Bork
                                                   _____ Notary Public

HEATHER L. BORK
Notary Public, State of Texas
Comm. Expires 02-14-2023
Notary ID 12935/186

N.INT.CITR.P

10/25/2019 9:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37959351
By: Shanelle Taylor
Filed: 10/25/2019 9:30 AM

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO. 201973252

RECEIPT NO.     0.00    CIV
     **********      TR # 73682356

| | |
|---|---|
| PLAINTIFF: BARTLETT, RENEE<br>       vs.<br>DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | In The   129th<br>Judicial District Court<br>of Harris County, Texas<br>129TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: GLADU, STEVE
    2206 OAKWOOD CT   RICHARDSON TX 75082 - 4612
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 7th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 8th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455 EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX 77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: DELGADO, JASON MATTHEW
C6X//11348904

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 1:00 o'clock P .M., on the 14th day of October 2019.
Executed at (address) by email to david@crosby.law in
Dallas County at 2:33 o'clock P .M., on the 23rd day of October
P , by delivering to Steve Gladu by serving attorney defendant, in person David F Walker by email.

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ 75

_____
_____ of _____ County, Texas

Heather Bork PSC #8133
     Affiant    Exp 2/28/20

By _____
          Deputy

On this day, Heather Bork _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 24th day of October, 2019

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948

*73682356*

10/28/2019 11:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38005128
By: Iliana Perez
Filed: 10/28/2019 11:35 AM

CAUSE NO. 201973252

| | |
|---|---|
| RENEE BARTLETT, | IN THE DISTRICT COURT |
| Plaintiff, | |
| V. | 129TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVE GLADU, | HARRIS COUNTY, TEXAS |
| Defendants. | |

## DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVE GLADU, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

## I.

## GENERAL DENIAL

At this time, Defendants assert a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

## II.

## SPECIFIC DENIALS

Plaintiff's claims are barred or limited, in whole or in part, by policy exclusions and/or

Bartlet vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0549907722.1

Page 1 of 4

limitations which are listed in the policy made the basis of this suit.  Specifically, Plaintiff's damages are cosmetic in nature as that term is defined in Plaintiff's policy of insurance.

Plaintiff failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiff's claims are barred, in whole or in part, because the losses alleged by Plaintiff are proximately caused in whole or in part by the fault, negligence, or failure to mitigate damages by Plaintiff.

Defendants hereby give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendants request that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendants further request disclosure of any and all documents, electronic information, and tangible items that Plaintiff has in Plaintiff's possession, custody or control and which may be used to support Plaintiff's claims or defenses.

## IV.

Defendants formally request a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tender the jury fee.

Bartlet vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0549907722.1

Page **2** of **4**

## V.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff recover nothing of and from Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

Bartlet vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0549907722.1

Page **3** of 4

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 28th day of October, 2019, to:

Chad T. Wilson
Bar No. 24079587
Amanda J Fulton
Bar No. 24077283
CHAD T WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF          *VIA E-SERVE*

**KIMBERLY BLUM**

Bartlet vs. Allstate, et al.                                                                                                 Page **4** of **4**
Defendants' Original Answer and Request for Disclosure
0549907722.1

10/28/2019 11:35:04 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38005128
By: PEREZ, ILIANA
Filed: 10/28/2019 11:35:04 AM

CAUSE NO. 2019-73252

| | |
|---|---|
| RENEE BARTLETT, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | 129TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVE GLADU, | |
| | HARRIS COUNTY, TEXAS |
| Defendants. | |

## ORDER ON DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR STEVE GLADU

Be it remembered that on this day, **DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR STEVE GLADU** was considered. Upon consideration of the motion, the Court is of the opinion that Defendants' request should be granted.

It is, therefore, ORDERED, ADJUDGED and DECREED that **STEVE GLADU** is dismissed from this lawsuit with prejudice to refiling of same.

Signed the ____ day of _____, 2019.

_____
**JUDGE PRESIDING**

10/28/2019 11:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38005128
By: Iliana Perez
Filed: 10/28/2019 11:35 AM

CAUSE NO. 2019-73252

| | |
|---|---|
| RENEE BARTLETT, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | 129TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVE GLADU, | HARRIS COUNTY, TEXAS |
| Defendants. | |

## NOTICE OF ELECTION OF LEGAL RESPONSIBILITY FOR STEVE GLADU

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("Allstate") and files its Election of Legal Responsibility for STEVE GLADU under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

## I.     BACKGROUND

Plaintiff filed a claim with Allstate. The claim was adjusted by one or more individuals at Allstate's request, including Defendant, STEVE GLADU. Plaintiff subsequently filed this action naming as defendants Allstate and STEVE GLADU.

For purposes of this Election, STEVE GLADU was an Allstate "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of Allstate's behalf. *See* TEX. INS. CODE 542A.001.

## II.    ELECTION

Under section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability STEVE GLADU might have to Plaintiff for STEVE GLADU's acts or omissions related to Plaintiff's claims subject of this suit.

By this pleading, Plaintiff has provided written notice of Allstate's election of STEVE GLADU.

## III.    DISMISSAL WITH PREJUDICE

As statutorily mandated, under section 542A.006(c) of the Texas Insurance Code and based on Allstate's election, this Court "shall dismiss" this action against STEVE GLADU with prejudice. *See* TEX. INS. CODE 542A.006(c).

Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served in compliance

with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 28th day of October, 2019, to:

Chad T. Wilson
Amanda J. Fulton
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Blvd, Suite 555
Webster, Texas 77598
Phone: 832-415-1432
Fax: 281-940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

**KIMBERLY BLUM**

CAUSE NO. 2019-73252

| | |
|---|---|
| RENEE BARTLETT, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | 129TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVE GLADU, | HARRIS COUNTY, TEXAS |
| Defendants. | |

## ORDER ON DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR STEVE GLADU

Be it remembered that on this day, **DEFENDANTS' NOTICE OF ELECTION OF RESPONSIBILITY FOR STEVE GLADU** was considered. Upon consideration of the motion, the Court is of the opinion that Defendants' request should be granted.

It is, therefore, ORDERED, ADJUDGED and DECREED that **STEVE GLADU** is dismissed from this lawsuit with prejudice to refiling of same.

Signed the _____ day of _____, 2019.

_____
**JUDGE PRESIDING**

 **CT Corporation**

**Service of Process Transmittal**
10/15/2019
CT Log Number 536442408

**TO:**   TEXAS LITIGATION
ALLSTATE INSURANCE COMPANY - DFW CASUALT
8711 N FREEPORT PKWY #23
IRVING, TX 75063-2578

**RE:**   **Process Served in Texas**

**FOR:**   ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RENEE BARTLETT, Pltf. vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVE GLADU, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Jury Demand and Request |
| **COURT/AGENCY:** | 129th Judicial District Court, Harris County, TX Case # 201973252 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/15/2019 at 16:36 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Chad T. Wilson Chad T Wilson Law Firm Pllc 455 East Medical Center Blvd., Suite 555 Webster, TX 77598 (832) 415-1432 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/17/2019, Expected Purge Date: 10/22/2019 |
| | Image SOP |
| | Email Notification, TEXAS LITIGATION  texaslitigation@allstate.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 1999 Bryan St Ste 900 Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COPY OF PLEADING PROVIDED BY PLTD.

CAUSE NO.   201973252

| | RECEIPT NO. | 0.00   CIV |
| --- | --- | --- |
| | .......... | TR # 73682342 |

| PLAINTIFF: BARTLETT, RENEE | In The   129th |
| --- | --- |
| vs. | Judicial District Court |
| DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | of Harris County, Texas |
| | 129TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY
    1999  BRYAN STREET SUITE 900    DALLAS TX  75201 - 3136
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 7th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 8th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.:  24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: DELGADO, JASON MATTHEW
C6X//11348904

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____ of _____County, Texas

_____            By _____
         Affiant                                          Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
                                             Notary Public

N.INT.CITR.P                    *73682342*

10/7/2019 8:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37420708
By: Patricia Jones
Filed: 10/7/2019 8:57 AM

CAUSE NO. _____

| | | |
|---|---|---|
| RENEE BARTLETT, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | |
| AND STEVE GLADU, | § | |
| | § | |
| *Defendants.* | § | _____ DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Renee Bartlett, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Steve Gladu ("Gladu") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Renee Bartlett, resides in Harris County, Texas.

3. Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate Vehicle and Property Insurance Company through its registered agent for service: **1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.** Plaintiff requests service at this time.

4.    Defendant Steve Gladu is an individual resident of Richardson, Texas. Gladu may be
      served with citation at the address listed with the Texas Department of Insurance:
      **2206 Oakwood Ct., Richardson, Texas 75082-4612**. Plaintiff requests service at this
      time.

## JURISDICTION

5.    The Court has jurisdiction over Allstate because this Defendant engages in the business of
      insurance in the State of Texas, and the causes of action arise out of Allstate's business
      activities in the state, including those in Harris County, Texas, with reference to this
      specific case.

6.    The Court has jurisdiction over Gladu because this Defendant engages in the business of
      adjusting insurance claims in the State of Texas, and the causes of action arise out of this
      Defendant's business activities in the State of Texas, including those in Harris County,
      Texas, with reference to this specific case.

## VENUE

7.    Venue is proper in Harris County, Texas because the insured property is located in Harris
      County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred
      in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of
      the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiff owns an Allstate Vehicle and Property Insurance Company homeowner's
      insurance policy, number 000836291682 ("the Policy"). At all relevant times, Plaintiff
      owned the insured premises located at 1002 Spanish Moss Lane Houston, Texas 77077

2

("the Property").

10.  Allstate or its agent sold the Policy, insuring the Property, to Plaintiff. Allstate or its agent represented to Plaintiff that the Policy included hailstorm coverage for damage to Plaintiff's home. Allstate has refused the full extent of that coverage currently owed to Plaintiff.

11.  On or about May 9, 2019 the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area.

12.  In the aftermath of the hailstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0549907722 to Plaintiff's claim.

13.  Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14.  Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system.

15.  Allstate assigned or hired Gladu to adjust the claim.

    a.  Gladu had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Gladu. The valuation of damages that were included in Gladu's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Gladu.

    b.  Furthermore, Gladu was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Gladu had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below

3

the deductible.

 c. Gladu made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

 d. Gladu made further misrepresentations to Plaintiff during his inspection. Gladu used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16. Allstate, through its agents, namely Gladu, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around July 22, 2019. Gladu found that there was no damage from a covered peril to the roof of the property.

18. After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home ·

19. To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $42,702.70.

20. Since due demand was made on July 31, 2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

21. As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants'

4

grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate failed to provide full coverage due under the Policy.

22. As a result of Allstate's failure to provide full coverage, along with Allstate's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23. Allstate failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24. Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiff.

25. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

27. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Allstate, through its agents,

5

servants, and representatives, namely Gladu, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

6

33. Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. All allegations above are incorporated herein.

35. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36. Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38. Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39. Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

7

40. Allstate's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41. All allegations above are incorporated herein.

42. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

43. Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44. Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. All allegations above are incorporated herein.

46. Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

47. Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

8

## DTPA VIOLATIONS

48.   All allegations above are incorporated herein.

49.   Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
      Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods
      and services provided by Allstate pursuant to the DTPA. Plaintiff has met all conditions
      precedent to bringing this cause of action against Allstate. Specifically, Allstate's
      violations of the DTPA include, without limitation, the following matters:

      A.   By its acts, omissions, failures, and conduct, Allstate has violated sections
           17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations
           include without limitation, (1) unreasonable delays in the investigation, adjustment,
           and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the
           doubt, and (3) failure to pay for the proper repair of Plaintiff's property when
           liability has become reasonably clear, which gives Plaintiff the right to recover
           under section 17.46(b)(2).

      B.   Allstate represented to Plaintiff that the Policy and Allstate's adjusting, and
           investigative services had characteristics or benefits that they did not possess,
           which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

      C.   Allstate also represented to Plaintiff that the Policy and Allstate's adjusting services
           were of a particular standard, quality, or grade when they were of another, in
           violation of section 17.46(b)(7) of the DTPA.

      D.   Furthermore, Allstate advertised the Policy and adjusting services with the intent
           not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

9

E.   Allstate breached an express warranty that the damages caused by hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51.   All allegations above are incorporated herein.

52.   Allstate is liable to Plaintiff for common-law fraud.

53.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

10

54.    Allstate made the statements intending that Plaintiff act upon them. Plaintiff then acted in
       reliance upon the statements, thereby causing Plaintiff to suffer injury constituting
       common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT STEVE GLADU

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55.    All allegations above are incorporated herein.

56.    Gladu's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim
       Settlement Practices Act. TEX. INS. CODE §541.060(a).

57.    Gladu is individually liable for his unfair and deceptive acts, irrespective of the fact that he
       was acting on behalf of Allstate, because Gladu is a "person," as defined by TEX. INS.
       CODE §541.002(2).

58.    Gladu knowingly underestimated the amount of damage to the Property. As such, Gladu
       failed to adopt and implement reasonable standards for the investigation of the claim
       arising under the Policy. TEX. INS. CODE §542.003(3).

59.    Furthermore, Gladu did not attempt in good faith to affect a fair, prompt, and equitable
       settlement of the claim. TEX. INS. CODE §542.003(4).

60.    Gladu's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable
       explanation of the basis in the Policy, in relation to the facts or applicable law, for partial
       denial of the claim, also constitutes an unfair method of competition and an unfair and
       deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

61.    Gladu's unfair settlement practice of failing to attempt in good faith to make a prompt, fair,
       and equitable settlement of the claim, even though liability under the Policy was reasonably

clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62. All allegations above are incorporated herein.

63. Gladu's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Gladu pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Gladu. Specifically, Gladu's violations of the DTPA include the following matters:

   A. By this Defendant's acts, omissions, failures, and conduct, Gladu has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Gladu's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. Gladu represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

   C. Gladu represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D. Gladu's actions are unconscionable in that Gladu took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Gladu's

12

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of
the DTPA; and

E.  Gladu's conduct, acts, omissions, and failures, as described in this petition, are
unfair practices in the business of insurance in violation of section 17.50(a)(4) of
the DTPA.

64.  Each of Gladu's above-described acts, omissions, and failures is a producing cause of
Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and
"intentionally" by Gladu, as defined by the Texas Deceptive Trade Practices Act. TEX.
BUS. & COM. CODE 17.45.

## FRAUD

65.  All allegations above are incorporated herein.

66.  Allstate assigned or hired Gladu to adjust the claim.

a.  Gladu had a vested interest in undervaluing the claims assigned to him by Allstate
in order to maintain his employment. The disparity in the number of damaged items
in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of
fraud on the part of Gladu. The valuation of damages that were included in Gladu's
report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on
the part of Gladu.

b.  Furthermore, Gladu was aware of Plaintiff's deductible before even visiting the
Property to conduct the inspection. Gladu had advanced knowledge of what amount
of damages he needed to find in order to either deny the claim or find the claim
below the deductible.

c.  Gladu made misrepresentations as to the amount of damage Plaintiff's Property

13

sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

d. Gladu made further misrepresentations to Plaintiff during his inspection. Gladu used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

67. All allegations above are incorporated herein.

68. Gladu was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

   a. Failure to conduct a reasonable inspection;

   b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

   c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

   d. Failure to identify the cost of proper repairs to Plaintiff's Property; and

   e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

69. Gladu's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70. At all relevant times, Gladu was an agent or employee of Defendant Allstate.

14

71. Gladu's unreasonable inspection was performed within the course and scope of his duties with Defendant Allstate. Therefore, Allstate is also liable for the negligence of Gladu through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72. All allegations above are incorporated herein.

73. Gladu's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a. Gladu's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b. Gladu had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74. Gladu intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Allstate. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

75. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

76.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

77.     Since the claim was made, Allstate has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78.     Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

79.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81.     The damage to Plaintiff's Property is currently estimated at $42,702.70.

16

82. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84. For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

85. Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

17

86. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

18

## JURY DEMAND

90.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a
        jury consisting of citizens residing in HARRIS County, Texas. Plaintiff hereby tenders the
        appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Allstate Vehicle and Property Insurance Company and
Steve Gladu, be cited and served to appear, and that upon trial hereof, Plaintiff, Renee Bartlett,
has and recovers from Defendants, Allstate Vehicle and Property Insurance Company and Steve
Gladu, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules
of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance
Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary
damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial
and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment
and post-judgment interest as allowed by law; and for any other and further relief, at law or in
equity, to which Plaintiff, Renee Bartlett, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com

19

cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

20

10/28/2019 11:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38005128
By: Iliana Perez
Filed: 10/28/2019 11:35 AM

CAUSE NO. 201973252

| | |
|---|---|
| RENEE BARTLETT, | IN THE DISTRICT COURT |
| Plaintiff, | |
| V. | 129TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVE GLADU, | HARRIS COUNTY, TEXAS |
| Defendants. | |

## DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND STEVE GLADU, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

## I.

## GENERAL DENIAL

At this time, Defendants assert a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

## II.

## SPECIFIC DENIALS

Plaintiff's claims are barred or limited, in whole or in part, by policy exclusions and/or

Bartlet vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0549907722.1

Page 1 of 4

limitations which are listed in the policy made the basis of this suit. Specifically, Plaintiff's damages are cosmetic in nature as that term is defined in Plaintiff's policy of insurance.

Plaintiff failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiff's claims are barred, in whole or in part, because the losses alleged by Plaintiff are proximately caused in whole or in part by the fault, negligence, or failure to mitigate damages by Plaintiff.

Defendants hereby give notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendants request that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendants further request disclosure of any and all documents, electronic information, and tangible items that Plaintiff has in Plaintiff's possession, custody or control and which may be used to support Plaintiff's claims or defenses.

## IV.

Defendants formally request a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tender the jury fee.

Bartlet vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0549907722.1

Page **2** of **4**

## V.

## <u>DESIGNATED E-SERVICE EMAIL ADDRESS</u>

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (<u>HoustonLegal@allstate.com</u>). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff recover nothing of and from Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
<u>HoustonLegal@allstate.com</u>
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANTS

Bartlet vs. Allstate, et al.                                                                                         Page **3** of **4**
Defendants' Original Answer and Request for Disclosure
0549907722.1

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 28th day of October, 2019, to:

Chad T. Wilson
Bar No. 24079587
Amanda J Fulton
Bar No. 24077283
CHAD T WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF                    *VIA E-SERVE*

**KIMBERLY BLUM**

Bartlet vs. Allstate, et al.                                                                                    Page **4** of **4**
Defendants' Original Answer and Request for Disclosure
0549907722.1

ENTERED
VERIFIED _____ WC



# MARILYN BURGESS
### HARRIS COUNTY DISTRICT CLERK

COPY OF PLEADING PROVIDED BY PLTD.

## Civil Process Pick-Up Form

## CAUSE NUMBER 201973252

**ATY**        **CIV X**        **COURT 129**

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY: WILSON, CHAD T.**                    **PH: 832-415-1432** |
| **\*CIVIL PROCESS SERVER: LDM PROCESS SERVICE**        **BOX FOR PICK UP:** |
| **\*PH: 469-291-5005** |
| **\*PERSON NOTIFIED SVC READY:** |
| **\* NOTIFIED BY:** |
| **\*DATE:** _____ |

Type of Service Document:  CITATION                Tracking Number 73682356
Type of Service Document: _____        Tracking Number 73682342
Type of Service Document: _____        Tracking Number_____
Type of Service Document: _____        Tracking Number_____
Type of Service Document: _____        Tracking Number_____
Type of Service Document: _____        Tracking Number_____

**Process papers prepared by: J. DELGADO**

**Date: 10/8/19**

| |
|---|
| **\*Process papers released to:** _William Davis_ |
| _713-880-6950_                    **(PRINT NAME)** |
| **\*(CONTACT NUMBER)**            **(SIGNATURE)** PSC17104 EX-7/3121 |
| **\*Process papers released by:** **Kevin Childs** _____ |
|                    **(PRINT NAME)** |
| **Kevin Childs** _____ |
|                    **(SIGNATURE)** |
| **\* Date:** _10-11-_ ,2019   Time: _2:0_   AM / PM |

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

**Entire document  must be completed**    **(do not change this document)**   Revised 1/3/2019